JAMES A. KOHL
Nevada Bar No. 5692
W. WEST ALLEN
Nevada Bar. No. 5566
wwa@h2law.com
HOWARD & HOWARD PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4843
Facsimile: (702) 567-1568

*Attorneys for Defendant*
*Advance Polybag (Nevada), Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY;<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCE POLYBAG (NEVADA), INC.,<br><br>Defendant. | Case No. 2:17-cv-02077-RFB-NJK<br><br>**STIPULATION AND ~~PROPOSED~~**<br>**CONFIDENTIALITY ORDER** |

IT IS HEREBY STIPULATED by and between the Parties hereto and their respective counsel of record as follows:

WHEREAS Union Pacific Railroad Company and Advance Polybag (Nevada), Inc. (each individually a "Party" and collectively the "Parties") wish to protect information they are producing pursuant to discovery in this matter;

WHEREAS the Parties object to the scope of discovery requests, in part, on the basis that the discovery seeks confidential and/or proprietary information; and

WHEREAS the Parties to this action wish to facilitate the production of potentially confidential documents and deposition testimony without burdening the Court, by their signatures below, the Parties through their counsel stipulate and agree to entry of the Order below.

Stipulated and Approved:

| ADVANCE POLYBAG (NEVADA), INC. | UNION PACIFIC RAILROAD COMPANY |
|---|---|
| Dated this 21st day of February, 2018. | Dated this 21st day of February, 2018. |
| Howard & Howard, PLLC | Lamson, Dugan & Murray and Parsons Behle & Latimer |

/s/ James A. Kohl
James A. Kohl, NV Bar No. 5692
Howard & Howard, PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
(702) 667-4843
Email: jkohl@howardandhoward.com

ATTORNEY FOR DEFENDANT

/s/ Kyle Wallor
Kyle Wallor, NE Bar No. 21346
Admitted *Pro Hac Vice, July 27, 2017*
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300
Email: kwallor@ldmlaw.com

And

Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
(775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

ATTORNEYS FOR PLAINTIFF

## **PROTECTIVE ORDER**

THE COURT ENTERS THIS ORDER in accordance with the stipulation of the Parties and Rule 26 of the Nevada Rules of Civil Procedure to protect the specific and serious trade secret and confidentiality interests of the Parties to the above-captioned matter as well as any Third-Parties from whom information is sought in this matter, and to expedite discovery without delay caused by possible disputes regarding claims of confidentiality of information, documents and things that may contain or constitute trade secrets, confidential research and development, and any commercial, financial or other proprietary information.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential Information and subject to this Protective Order.

IT IS HEREBY ORDERED that this Order shall apply to discovery initiated by any of the Parties to one or more other Parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and/or things in the possession of or under the control of any party or third party subject to discovery in this action. This Order shall

further govern the production of documents and information supplied in this case in any form by a party and designated by that producing party as embodying "Confidential" material for purposes of discovery or otherwise.

IT IS FURTHER ORDERED that if, in the course of this action, the Parties have occasion to disclose information deemed by the Parties, in good faith, to constitute confidential information, including confidential proprietary business information, the following procedures shall be employed and the following restrictions shall govern:

1. The Parties may designate as "CONFIDENTIAL" any materials, including without limitation, documents, portions of testimony, transcripts, or any other materials or information produced in whatever form or media, that the Parties reasonably believe in good faith contains confidential information ("Confidential Information"). "Confidential Information" shall include any non-public material that the Producing Party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development or commercial information, including but not limited to inspections of premises or things; or other proprietary or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause the Producing Party, or third parties identified therein, undo annoyance or embarrassment. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential Material, as well as testimony and oral conversations derived therefrom or related thereto.

Confidential Information shall also include information that (a) contains proprietary or confidential business information or practices of the Parties or any it of their affiliates; (b) relates to any customer ("Customers") of the Parties; (c) relates to any transaction between a

Stipulation and Proposed Confidentiality Order

Customer and the Parties or their affiliates; or (d) is a list, description or other grouping of Customers ("Customer Information"). Customer Information shall include: (i) application information and/or account information relating to a Customer; (ii) a Customer's name and address; (iii) consumer report information relating to a Customer; (iv) the fact that a person is, or was, a Customer of the Parties or their affiliates; (v) information about any product recommended or service performed by the Parties or their affiliates that is or was purchased or used by any Customer, or the existence or status of any transaction between any Customer and the Parties or their affiliates; and (vi) any other Customer information that may be determined to be subject to provisions of HIPPA, or regulations adopted thereunder, or any other applicable federal or state law regarding privacy and confidentiality of customer information.

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions. Any individual not authorized by this Protective Order to be a recipient of Confidential Information may be excluded from a deposition while such information is being elicited.

2. Except upon order of the Court, or by express written consent, Confidential Information designated as "CONFIDENTIAL" shall be used or disclosed by the receiving party solely for purposes of prosecuting or defending this action and the related adversaries and shall not be disclosed by the receiving party to any person or entity for any other reason or purpose other than:

    a. Outside counsel of record for each party, and members and associates of outside counsel of record's law firms, and legal assistants and clerical employees of those firms where, in each case, such party has a need to know the information for purposes of this action;

b. The party or person who was originally the source of the Confidential Information;

c. The court, judge and jury who hear this case;

d. Independent non-employee experts or consultants retained by either party for the purpose of this action who are not clients of any counsel involved in this case; and

e. Any court reporter or typist recording or transcribing testimony in this action and any outside independent document reproduction firm.

3. No person listed in Paragraph 2 (a), (b), (d) and (e) shall be allowed access to Confidential Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit A. For the persons listed in Paragraph 2(a), the requirements of this Paragraph 3 can be met by the attorney of record completing the form attached as Exhibit A on behalf of the attorney and the attorney's agents or employees.

Before disclosing Confidential Information to any person listed in paragraph 2 the party wishing to make such disclosure shall give at least seven (7) business days advance notice in writing to the counsel who designated such discovery material as Confidential Information, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the purposes of such disclosure. If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application.

For each Qualified Person to whom disclosure of Confidential Information is made, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

4. The designation of documents or other materials as Confidential Information shall be made promptly by written notice, either by stamping or printing thereon "CONFIDENTIAL" or by providing a separate written notice at the time of production of the documents or other materials to counsel of record for the receiving party.

5. Counsel for parties to this action to whom any documents or other materials marked "CONFIDENTIAL" are disclosed pursuant to this Protective Order shall maintain a list of all disclosures made by such counsel to any person pursuant to Paragraph 2 (b), (d) and (e). Such list shall contain (i) the name and address of the person to whom the disclosure is made; and (ii) the date the disclosure is made.

6. Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

7. The designation of portions of testimony as Confidential Information shall be made (a) on the record at the time of the testimony, or (b) by informing opposing counsel of record in writing within five (5) business days after receipt of the transcript, as to the specific

pages and line numbers deemed "CONFIDENTIAL." Upon any such designation, any party receiving or in possession of such designated transcript shall affix the appropriate designation to the transcripts in its possession.

8. Entire transcripts of any depositions taken in this action and the deposition testimony may be deemed Confidential Information and marked "CONFIDENTIAL" under this Confidentiality Order.

9. Failure to designate and/or mark any document, thing, or testimony as Confidential Information as provided herein shall not preclude the Parties from thereafter in good faith making such a designation. The Parties may provide written notice demanding that any document or thing produced as non-confidential, and all copies thereof, either be returned within five (5) days or immediately stamped as "CONFIDENTIAL." The receiving party shall comply with the demand, but the receiving party and its counsel shall incur no liability for disclosures made prior to receipt of notice of such designation. After the Parties provide notice pursuant to this paragraph, documents and things identified as Confidential Information shall be subject to this Confidentiality Order.

10. Inadvertent production of any document or thing that the Parties later claims should have been withheld on grounds of a privilege, including the work product doctrine, shall not be deemed a waiver of any privilege or work product protection. The Parties may request the return of any such document or thing by identifying the inadvertently produced document or thing and stating the basis for withholding it from production and providing any other information that would be listed on a supplemental privilege log. Within three (3) business days after the Parties requests the return of any document or thing pursuant to this paragraph, the receiving party shall return the identified document or thing, and all copies thereof, and

shall expunge from any other document or material information derived from the inadvertently produced document or thing.

11. The recipient of any Confidential Information that is provided pursuant to this Confidentiality Order shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information. In the event that Confidential Information is disclosed to anyone who is not authorized to receive such information pursuant to paragraph 2, the attorney of record for the party involved shall, immediately upon learning of the disclosure, give written notice to the Defendant's attorney, James A. Kohl, Esq. at jkohl@howardandhoward.com, telephone number (702) 257-1485, facsimile number (702) 567-1568 and/or to Plaintiff's attorney, Kyle Wallor, 10306 Regency Parkway Drive, Omaha, NE 68114 at kwallor@ldmlaw.com, telephone number (402) 397-3700, facsimile number (402) 397-7824, and shall describe (a) the circumstances surrounding the unauthorized disclosure, and (b) the steps taken to remedy the disclosure and minimize the potential harm from the disclosure. The attorney shall also use good faith and reasonable efforts to retrieve any improperly disclosed materials. Nothing in this paragraph shall constitute a waiver of any right Witness may have to seek damages or any other remedies at law or in equity for such unauthorized disclosure.

12. The restrictions set forth in the preceding paragraphs shall not apply to Confidential Information (other than Customer Information, which shall be protected by the terms of this Confidentiality Order notwithstanding the provisions of clauses (a) through (c) of this paragraph 10) that (a) is or becomes public knowledge other than through violation of this Confidentiality Order; (b) is obtained by a party from a third party lawfully possessing and

lawfully entitled to disclose such information; or (c) was lawfully possessed by the party prior to discovery in this case.

*See order issued concurrently herewith*

~~13. Unless otherwise instructed by the Court, all documents containing Confidential Information filed with the Court shall include their confidentiality designations and be treated according to said designations. The Parties shall comply with the Nevada Revised Statutes, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, District of Nevada (collectively "Rules") when filing motions to seal and when filing Confidential Information under seal. Confidential Information shall not be filed with the Court required in connection with matters pending before the Court. In addition to the filing papers and documents under seal, they shall be filed pursuant to LR IA 10-5 and shall remain sealed while in the office of the Clerk so long as they retain their Confidential designation. Said Confidential Information shall be kept under seal until further order of the Court; however, Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order. Confidential Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary so long as the filing party complies with the requirements outlined in this paragraph.~~

14. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

15. Within thirty (30) days after entry of dismissal or of final judgment in this action, including appeals, and upon written request, all documents and information, together with all copies thereof that have been and remain designated as including Confidential Information of Plaintiff and/or Defendant, pursuant to this Protective Order, shall be collected and returned to Plaintiff and/or Defendant, as the case might be. Additionally, Plaintiff's and Defendant's counsel shall cooperate in confirming that said documents and information in the possession of the Qualified Persons have been returned to Plaintiff and/or Defendant, as the case might be. If requested by Plaintiff or Defendant, all Qualified Persons to whom any Confidential Information was disseminated shall sign a certification to verify that all documents and materials in their possession, containing Confidential Information, have been returned. In the alternative, to the extent that documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL, the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 14 days of the termination of the litigation, that such documents have been destroyed.

16. This Confidentiality Order shall not prejudice the right of any Party to move the Court to declare that information produced by another Party has been wrongfully designated as Confidential Information, provided, however, that the receiving party shall first attempt to resolve the issue informally with the Party who marked the information as Confidential.

17. Nothing contained in this Confidentiality Order shall restrict the use or disclosure of Confidential Information by the Parties, nor shall any provision of this Confidentiality Order be deemed to grant the receiving party any right of ownership or use in the disclosed Confidential Information not expressly granted herein.

18. In the event anyone shall violate or threaten to violate any term of this Confidentiality Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Confidentiality Order. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Confidentiality Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. Further, the respondent person waives any right to insist that the aggrieved party post a bond. Nothing in this paragraph constitutes a waiver of any rights that the aggrieved party may have for damages or any other remedies to which the aggrieved party may be entitled under law or equity.

19. The obligation to maintain confidentiality embodied in this Confidentiality Order shall survive the termination of this action. After termination of this action, the Eighth Judicial District Court of Clark County in the State of Nevada will have jurisdiction over any enforcement proceedings related to the Confidentiality Order. This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives,

12

Stipulation and Proposed Confidentiality Order

administrators, heirs, legal representatives, assigns, employees, agents, independent contractors and other persons or organizations over which they have control.

<del>PROPOSED</del> ORDER

ORDERED this the 28th day of February, 2018.

_____
United States Magistrate Judge

Submitted by:

**Howard & Howard Attorneys PLLC**

/s/ James A. Kohl
James A. Kohl
NV Bar No. 5692
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Attorney for Defendant

(

**Exhibit A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY;<br><br>    Plaintiff,<br>vs.<br><br>ADVANCE POLYBAG (NEVADA), INC.,<br><br>    Defendant. | Case No. 2:17-cv-02077-RFB-NJK<br><br>**AGREEMENT CONCERNING CONFIDENTIALITY** |

I, _____, being duly sworn, state that:

    1. My address is _____

    2. My present employer is _____ and the address of my present employment is_____

    3. My present occupation or job description is _____

    4. I have received a copy of the Protective Order in this case.

    5. I have carefully read and understand the provisions of the Protective Order.

    6. I will comply with all of the provisions of the Protective Order.

    7. All CONFIDENTIAL INFORMATION disclosed to me pursuant to the Protective Order will be used only in connection with the above-captioned action and will not be used for any business or other purpose.

Howard & Howard Attorney PLLC

8. Such CONFIDENTIAL INFORMATION will be disclosed to and discussed only with the parties to this suit, the parties' legal counsel, and other persons who have, in accordance with the provisions of the Protective Order, executed a similar Nondisclosure Agreement. Neither Confidential documents nor information acquired or extracted from such documents will be divulged or made accessible to any other person, company, firm or news entity whatsoever, except in compliance with this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

9. I agree to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information designated as "CONFIDENTIAL" under the Protective Order.

10. I affirm that I am not employed by any competitor of Plaintiff, Union Pacific Railroad Company, or its affiliated companies or corporations. I further agree that upon the final termination of this litigation, I will return any such CONFIDENTIAL INFORMATION which may be in my possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information), to the attorney from whom I received such documents and materials. I understand that unauthorized disclosure of CONFIDENTIAL INFORMATION may subject the unauthorized disclosing person to sanctions by the Court enforcing the Protective Order, and I consent to the exercise of personal jurisdiction over the undersigned by such Court for the purpose of enforcing the Protective Order.

This instrument was acknowledged before me on this _____ day of February, 2018 by _____.

My Commission Expires:

_____
Notary Public in and for
The State of